# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Steven Grinnell and Vanessa Grinnell, both Individually and as Parents/Guardians of K.G. and K.G., both minors,<br><br>　　　　　Plaintiff,<br>　v.<br><br>Tovarrian Bradford Russell and Roehl Transport,<br><br>　　　　　Defendant. | Case No. 2:23-cv-6131-RMG<br><br>**ORDER AND OPINION** |

　　Before the Court is Defendant's motion for summary judgment. (Dkt. No. 13). Plaintiffs filed a response to Defendant's discovery request. (Dkt. No. 14). For the reasons set forth below, the Court denies Defendant's motion without prejudice.

**I.　　Background**

　　Plaintiffs bring this action seeking recovery of damages suffered after a car accident involving Defendant. Plaintiffs allege that Defendants' negligence caused Defendant's vehicle to strike Plaintiffs' vehicle, resulting in bodily injuries to Plaintiffs. (Dkt. No. 1, ¶ 10). On June 19, in accordance with Fed. R. Civ. P. 36, Defendant served Plaintiffs with Requests to Admit, which specified that the car accident was the complete responsibility of Plaintiffs. (Dkt. No. 13, p. 2-3). Defendant argues that Plaintiffs have admitted to everything in the Requests to Admit because they have failed to respond within 30 days as required by Fed. R. Civ. P. 36 (a)(3). (Dkt. No. 13,

1

p. 5). Defendant now moves for Summary Judgment alleging no dispute as to any material fact because the Plaintiffs admit to causing the car accident. (Dkt. No. 13).

## II.   Legal Standard

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *See id.* Therefore, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987).

"In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The movant bears the initial burden of demonstrating that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has made this threshold demonstration, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue to survive the motion for summary judgment. *See id.* at 324. Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the

non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

### III.    Discussion

Defendant argues that Plaintiffs admitted to causing the car accident because they did not respond to the Requests to Admit within 30 days. (Dkt. No. 13, p. 5). Fed. R. Civ. P. 36(a)(3) states that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be . . . ordered by the court." Here, Plaintiffs failed to timely respond to Defendant's Requests to Admit. However, this Court maintains discretion over whether requests are admitted or not. *See Nguyen v. CNA Corp.*, 44 F.3d 234 (4th Cir. 1995) (noting district courts have the discretion whether to deem requests as admitted or whether to allow an extension of time to respond); s*ee also*, *Uribe v. Aaron's, Inc.*, No. GJH-14-0022, 2014 WL 4851508, at *3 (D. Md. Sept. 26, 2014) (citing *United States v. Turk*, 139 F.R.D. 615, 617–18 (D.Md.1991) ("Fed.R.Civ.P. 36 does not require the Court to treat all facts as admitted when a litigant fails to timely respond to Requests for Admissions."); *see also Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309, 1312 (8th Cir.1983) ("Because the district court has the power to allow a longer time, courts and commentators view this to mean that the court, in its discretion, may permit the filing of an answer that would otherwise be untimely. . . . Therefore, the failure to respond in a timely fashion does not require the court automatically to deem all matters admitted."). To further the interests of justice and to proceed with the case on its merits, the Court will permit the filing of a response to the Requests to Admit past the deadline and will not treat the facts in the Requests to Admit as admitted. Despite Plaintiffs' untimely response, Plaintiffs did respond to Defendant's Requests to Admit, and denied every allegation.

3

(Dkt. No. 14). Summary judgment is only appropriate if a party "shows that there is no genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Because Plaintiffs have denied every allegation in Defendant's Requests to Admit, Plaintiffs have demonstrated that is there is a genuine dispute as to material facts. Defendant's motion for summary judgment is denied.

The court cautions Plaintiffs to respond to motions and requests in a timely manner so as to avoid prejudicing the other parties.

### IV.  Conclusion

In light of the foregoing, Defendant's motion for summary judgment is **DENIED** without prejudice. (Dkt. No. 13).

**AND IT IS SO ORDERED.**

    s/ Richard M. Gergel  
Richard Mark Gergel  
United States District Judge

September 10, 2024  
Charleston, South Carolina