IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| Steven Grinnell and Vanessa Grinnell, both Individually and as Parents & Guardians of K.G. and K.G, both minors,<br><br>Plaintiffs,<br><br>v.<br><br>Tovarrian Bradford Russell and Roehl Transport, Inc. ,<br><br>Defendants. | Case No.: 2:23-cv-6131-RMG<br><br><br><br><br><br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' RENEWED MOTION FOR SUMMARY JUDGMENT** |

Plaintiffs Steven Grinnell and Vanessa Grinnell, individually and as parents/guardians of K.G. and K.G., by and through their undersigned counsel, hereby submit this Response in Opposition to Defendants' Renewed Motion for Summary Judgment, and in support thereof, state as follows:

### STATEMENT OF DISPUTED MATERIAL FACTS

Defendants deny that Defendant Russell was negligent in operating his commercial motor vehicle on March 3, 2023, and state that there is no genuine dispute of material fact as to whether he committed a negligent act. *See* Defendants' Renewed Motion for Summary Judgment, at ¶ 7 (Dkt. No. 16).

### LEGAL STANDARD

Summary judgment is governed by Rule 56, Fed. R. Civ. P., which states that "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party seeking

summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in its pleading, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 248, but "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). Summary judgment is not a vehicle for the court to resolve disputed factual issues. *Faircloth v. United States*, 837 F.Supp. 123, 125 (E.D.N.C. 1993). The court must view the inferences drawn from the underlying facts in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam). For summary judgment purposes, "video evidence can only discredit a nonmovant's factual assertions if the video 'blatantly' contradicts the nonmovant's position. *Simmons v. Whitaker*, 106 F.4th 379 (4th Cir. 2024) (Citing *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008)).

## ARGUMENT

Defendants bring forth a video alleged to be from the time of the crash to show that there is no dispute of material fact regarding the defendant driver's whereabouts and actions at the time of the crash. Under Rule 56(c)(2), Fed. R. Civ. P., "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Here, the video is authenticated solely by the self-serving testimony of the defendant driver. The driver does not appear in the video footage, nor the absence of audio. The affidavit which purports to authenticate the video contains inadmissible hearsay regarding the retrieval and preservation of the video. *See* Affidavit of Tovarrian Russell, at ¶¶ 4-5 (Dkt. No. 16-1). Mr. Russell makes an assertion for which he lacks personal knowledge regarding the video's

authenticity. Since he was not the custodian responsible for retrieving the dashcam video, he is not in a position to testify whether the video has been altered in any way.

Most importantly, the testimony in the affidavit directly contradicts Mr. Russell's testimony in his statement to the investigating officer immediately following the crash. *See* Investigating Officer's Video, at 1:37:12-1:38:05 (Attached as Exhibit #1)[1]. This testimony was obtained by Defendants in a FOIA request and provided to Plaintiff via email. In this video, the officer identifies the driver as Mr. Russell and asks him what happened in the collision. Mr. Russell states, "I made my lane change" and that he "[G]ot in the left and got back in the right" *Id.* This is consistent with the 911 calls reporting a tractor-trailer with a taped-up fender causing the collision and failing to stop at the crash scene. *See* Combined CAD Reports, Pages 5, 11 ,16, (Attached as Exhibit #2). Mr. Russell goes on to repeatedly identify the other tractor-trailer involved in the series of accidents discussed in the investigating officer's video, as being present during his lane change. *See* Investigating Officer's Video, at 1:37:52-1:38:21 (Attached as Exhibit #1). Mr. Russell's contemporaneous statements are also consistent with the testimony of every single witness interviewed by the investigating officer in this collision. *See Generally* Investigating Officer's Video, at 3:40:00-20:00:00 (Attached as Exhibit #1). This raises substantial questions regarding the authenticity of Mr. Russell's affidavit and the video.

The Video Exhibit to Tovarrian Russell's Affidavit cannot be authenticated on its own merit. While the video does establish that the truck depicted in the video does pass the area where the crash occurs and that it does not change lanes, it is not clear that the Video Exhibit establishes that the truck depicted in the Video Exhibit is same the truck which 911 callers reported as causing the crash, or even what time period the Video Exhibit depicts. The Video Exhibit contains no embedded time or date stamps which can be used to authenticate or verify

---

[1] Plaintiffs are sending a physical copy of the Investigating Officer's Video to be entered into the record.

the contents of the Video Exhibit. Additionally, the Video Exhibit file produced lacks metadata which can be used to authenticate its source, creation date, or the equipment used in its creation. The Video Exhibit does not contain any audio which would help in identifying the driver of the truck depicted in the video or revealing the noise of a crash. Further, the affidavit provided does not make any express statements supporting that the Video Exhibit depicts the time period of crash and Plaintiffs have not a had an opportunity to examine Mr. Russell, despite attempts to set deposition dates with defense counsel before the close of discovery. *See generally* Affidavit of Tovarrian Russell, (Dkt. No. 16-1) (lacking a sworn assertion of the time period depicted by the Video Exhibit); *See also* Emails Requesting Deposition Dates for Mr. Russell (Attached as Exhibit #3).

When viewed in the light most favorable to Plaintiffs, the record shows that there is a genuine dispute of material fact regarding whether or not there was a negligent act by Mr. Russell in light of his conflicting testimony, and the other evidence available in the record.


Respectfully submitted,

                                            **MORGAN & MORGAN**
By s/ Lauren Carroway, Esq.
Lauren Heath Carroway
SC Bar Number 72588
1544 Fording Island Road, Suite A
Hilton Head, South Carolina
(854) 222-6075
Attorneys for Plaintiff

Charleston, SC
December 10, 2024December 10, 2024