IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| Steven Grinnell and Vanessa Grinnell, both Individually and as Parents/Guardians of K.G. and K.G, both minors,<br><br>Plaintiffs,<br><br>v.<br><br>Tovarrian Bradford Russell and Roehl Transport, Inc.,<br><br>Defendants. | Case No.: 2:23-cv-6131-RMG<br><br><br><br><br>**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE CERTAIN STATEMENTS RECORDED BY CORPORAL J.D. TUTEN'S DASH CAMERA** |

**COMES NOW** the undersigned, as attorneys for Tovarrian B. Russell and Roehl Transport, Inc. (hereinafter "Defendants"), who move the Court for an order excluding evidence or presentation to the jury of statements made by alleged witnesses to the underlying collision, as well as the self-serving hearsay statements of Plaintiff Steven Grinnell, all of which were captured and recorded by Corporal J.D. Tuten's dash camera. A full explanation of the Motion as required by Local Rule 7.05 is embedded herein, therefore pursuant to Local Rule 7.04 a separate memorandum is not included.

## NATURE OF THE CASE AND GENERAL FACTS

[Please refer to the "Nature of the Case," "Relevant Procedural History," and/or "Facts" sections of Defendants' Renewed Motion for Summary Judgment, Dkt. No. 16, and Defendants' Motion for Reconsideration, Dkt. No. 24.]

## FACTS BEARING UPON THE MOTION

Defendants are informed and believe that Plaintiffs intend to offer into evidence the dashcam footage and audio from Cpl. Tuten's patrol car. (*See* Pls.' Rule 26(a)(3) Pretrial Disclosures, Dkt. No. 27, at p. 2; *see also* Exhibit 1 to Pls.' Resp. in Opp. to Defs.' Renewed Mot. Summ. J. (officer's dashcam video), Dkt. No. 19-1.) Defendants are informed and believe that Plaintiffs intend to present the audio of the statements of certain passersby to Cpl. Tuten. Defendants also believe that Plaintiffs may try to introduce the self-serving statements Plaintiff Steven Grinnell made to Cpl. Tuten.[1] This Motion follows.

## ARGUMENT

Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Rule 801, FRE. An out-of-court statement by someone other than the person testifying which is used to prove the truth of the matter asserted constitutes hearsay and is inadmissible unless it falls within an exception. Rule 802, FRE.

Plaintiff Steven Grinnell and several other individuals captured on the footage provide statements that qualify as hearsay under Rule 801 and do not meet an exception under Rules 803 or 804, FRE. These individuals represent to Corporal Tuten that they are witnesses the alleged underlying incident. They provide descriptions of the movement of vehicles, the identification of individuals, and their opinions as to fault. Each of those statements offered by the alleged witnesses are out of court statements which Plaintiffs will attempt to offer to prove the truth of the matter

---

[1] Defendants reserve the right to introduce Plaintiff Steven Grinnell's statements in Defendants' presentation of evidence, whether on cross-examination or Defendants' case-in-chief. *See* Rule 801(d)(2), FRE.

asserted in the statements themselves, such as identification and liability.[2]  This would be improper, and the same would be true of any statement of Steven Grinnell made to Cpl. Tuten, if offered by Plaintiffs in their presentation of evidence.

## CONCLUSION

Because the objected-to statements are inadmissible, Defendants move in limine for the immediate exclusion of all such statements from the trial of this matter.

Respectfully submitted,

**SWEENY, WINGATE & BARROW, P.A.**

s/Aaron J. Hayes
Mark S. Barrow Fed. I.D. No. 1220
Aaron J. Hayes Fed. I.D. No. 11196
Jake M. Tillery Fed. I.D. No. 14371
Sweeny, Wingate & Barrow, P.A.
Post Office Box 12129
Columbia, SC  29211
(803) 256-2233

**ATTORNEYS FOR THE DEFENDANTS**

Columbia, South Carolina

March 21, 2025

---

[2] Defendants do not contend that statements made by Defendant Russell to Cpl. Tuten would constitute hearsay, if offered by Plaintiffs at trial.  *See* Rule 801(d)(2), FRE.  Defendants do not waive any other objection to the admissibility of Defendant Russell's statements to Cpl. Tuten.