IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| Steven Grinnell and Vanessa Grinnell, both Individually and as Parents/Guardians of K.G. and K.G, both minors,<br><br>Plaintiffs,<br><br>v.<br><br>Tovarrian Bradford Russell and Roehl Transport, Inc.,<br><br>Defendants. | Case No.: 2:23-cv-6131-RMG<br><br>**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PERMANENT INJURIES OR FUTURE MEDICAL EXPENSES** |

**COMES NOW** the undersigned, as attorneys for Tovarrian B. Russell and Roehl Transport, Inc. (hereinafter "Defendants"), who move the Court for an order excluding from the trial of this case any evidence or testimony of permanent injuries or future medical expenses as to any Plaintiff. A full explanation of the Motion as required by Local Rule 7.05 is embedded herein, therefore pursuant to Local Rule 7.04 a separate memorandum is not included.

### NATURE OF THE CASE AND GENERAL FACTS

[Please refer to the "Nature of the Case," "Relevant Procedural History," and/or "Facts" sections of Defendants' Renewed Motion for Summary Judgment, Dkt. No. 16, and Defendants' Motion for Reconsideration, Dkt. No. 24.]

### FACTS BEARING UPON THE MOTION

Plaintiffs allege in their Complaint that they "sustained permanent injuries which have required medical treatment and related expenses." (Compl., at ¶ 14 [Dkt. No. 1-1].) However,

there have been no experts disclosed by Plaintiffs who could support these claims of permanent injuries and/or the future medical expenses. This Motion follows.

## LEGAL STANDARD

In a diversity case, "[f]ederal law determines whether the evidence is sufficient to carry the issue… to the jury." *McKinley v. Rawls*, 333 F.2d 198, 199 (4th Cir. 1964). However, "while the question of whether evidence is sufficient to survive summary judgment is generally a matter of federal procedural law, 'the "expert testimony" rule' may be 'so closely interrelated with the substantive cause of action … that federal courts sitting in diversity cases should apply the state rule in order to fully realize state substantive policy.'" *In re Lipitor (Atorvastatin Calcium) Mktg., Sales Pracs. & Prod. Liab. Litg.*, 227 F. Supp. 3d 452, 468 (D.S.C. 2017) (quoting *Hemingway v. Ochsner Clinic*, 722 F.2d 1220, 1225 (5th Cir. 1984).

"Under South Carolina law, a plaintiff in a negligence action has the burden of proving that the injury was caused by the actionable conduct of the particular defendant." *Goewey v. United States*, 886 F. Supp. 1268, 1279 (D.S.C. 1995), *aff'd sub nom. Goewey by Goewey v. United States*, 106 F.3d 390 (4th Cir. 1997) (citing *Ryan v. Eli Lilly & Co.,* 514 F.Supp. 1004 (D.S.C.1981). Similarly, a plaintiff in a negligence action must prove that they actually suffered the injury they allege. *See Anderson v. Campbell Tile Co.*, 202 S.C. 54, 24 S.E.2d 104, 109 (1943) (noting, in a case examining expert medical testimony, that in addition to proximate cause, "the burden was upon the claimant to show the fact of the injury by competent testimony.").

"While the specific language used by courts vary to some degree, all jurisdictions require expert testimony at least where the issues are medically complex and outside common knowledge and lay experience." *In re Lipitor (Atorvastatin Calcium) Mktg., Sales Pracs. & Prod. Liab. Litig.*, 226 F. Supp. 3d 557, 569–70 (D.S.C. 2017), *aff'd sub nom. In re Lipitor (Atorvastatin Calcium)*

*Mktg., Sales Pracs. & Prod. Liab. Litig. (No II) MDL 2502*, 892 F.3d 624 (4th Cir. 2018) (collecting over one hundred cases, including *Babb v. Lee Cnty. Landfill SC, LLC*, 405 S.C. 129, 153, 747 S.E.2d 468, 481 (2013)) ("The general rule in South Carolina is that where a subject is beyond the common knowledge of the jury, expert testimony is required."). In such medically complex situations, "[a] jury's finding of causation in the absence of any expert testimony would be based on impermissible speculation or conjecture." *In re Lipitor*, 226 F. Supp. 3d at 579. "Under South Carolina law, in a tort case 'where a medical causation issue is not one within the common knowledge of the layman,' the plaintiff must present 'medical expert testimony' in order to establish causation. *Jones v. Am. Cynamid Co.*, 139 F.3d 890 (4th Cir. 1998). *See, e.g.*, *Goewey v. United States*, 886 F. Supp. 1268, 1279 (D.S.C. 1995), *aff'd sub nom. Goewey by Goewey v. United States*, 106 F.3d 390 (4th Cir. 1997) (noting plaintiff's failure to produce reliable expert testimony on the causal connection between plaintiff's contact with roof coating and subsequent development of progressive neurological impairments).

Expert testimony is thus "rather obviously indispensable to recovery" where "[w]ithout additional proof by way of medical opinion. . . the jury [would be] left to surmise and conjecture." *Gambrell v. Burleson*, 252 S.C. 98, 107, 165 S.E.2d 622, 626 (1969). By logical extension, this standard applies to a plaintiff's burden to prove the actual injury complained of as well as its proximate cause. *See Anderson v. Campbell Tile Co.*, 202 S.C. 54, 24 S.E.2d 104, 109 (1943) (noting in a case examining expert medical testimony that in addition to proximate cause, "the burden was upon the claimant to show the fact of the injury by competent testimony.").

**ARGUMENT**

I. **Plaintiffs have not provided expert testimony as to causation of permanent injuries or any alleged future medical expenses.**

In accordance with the authority cited above, to properly support claims for permanent injuries and any accompanying future medical costs, Plaintiffs were required to identify an expert witness (or witnesses) who could opine and provide admissible testimony in support. However, Plaintiffs did not identify any expert witnesses within the time provided for by the Court in the Amended Scheduling Order. (Am. Sched. Ord. [Dkt. No. 10] (setting forth September 10, 2024 as the deadline for Plaintiffs to identify expert witnesses).) Similarly, Plaintiffs' pretrial disclosures do not identify an expert witness or medical professional with the authority to testify as to Plaintiffs' alleged permanent injuries or future medical expenses. (Pls.' Pretrial Disclosures [Dkt. No. 27].)

However, Plaintiffs' do identify themselves as witnesses to be called at the trial of this matter. (*Id.*) While Plaintiffs may be qualified to testify as to the underlying facts as they remember, any lay testimony from Plaintiffs regarding permanent injuries or the need for future medical care and expenses would invite the jury into speculation and conjecture.[1]

## **CONCLUSION**

Plaintiffs' have failed to meet their burden to establish any reliable causal connection between their alleged permanent injuries (and any alleged future medical care and costs) and the subject incident. Therefore, Defendants move in limine for the immediate exclusion from the trial of this case any evidence or testimony of permanent injuries or future medical care/expenses as to any Plaintiff.

*Signature page to follow.*

---

[1] Notably, Plaintiffs Steven Grinnell and Vanessa Grinnell are also representative plaintiffs on behalf of two minors, K.G. and K.G. Defendants note it would be particularly improper for the parent-plaintiffs to opine as to the causation of permanent injury to the child-plaintiffs.

        Respectfully submitted,

        **SWEENY, WINGATE & BARROW, P.A.**

        s/Aaron J. Hayes
        Mark S. Barrow Fed. I.D. No. 1220
        Aaron J. Hayes Fed. I.D. No. 11196
        Jake M. Tillery Fed. I.D. No. 14371
        Sweeny, Wingate & Barrow, P.A.
        Post Office Box 12129
        Columbia, SC  29211
        (803) 256-2233

        **ATTORNEYS FOR THE DEFENDANTS**

Columbia, South Carolina

March 21, 2025