IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| Steven Grinnell and Vanessa Grinnell, both Individually and as Parents/Guardians of K.G. and K.G, both minors, <br><br> Plaintiffs, <br><br> v. <br><br> Tovarrian Bradford Russell and Roehl Transport, Inc., <br><br> Defendants. | Case No.: 2:23-cv-6131-RMG <br><br><br><br> DEFENDANTS' MOTION IN LIMINE TO EXCLUDE CAD REPORTS AND OFFICER'S NOTES |

    **COMES NOW** the undersigned, as attorneys for Tovarrian B. Russell and Roehl Transport, Inc. (hereinafter "Defendants"), who move the Court for an order excluding the Computer Aided Dispatch Reports/South Carolina Highway Patrol Call History Record ("CAD Reports") and Cpl. Tuten's handwritten notes, provided by the South Carolina Highway Patrol, from admission into evidence or presentation to the jury in any form.  A full explanation of the Motion as required by Local Rule 7.05 is embedded herein, therefore pursuant to Local Rule 7.04 a separate memorandum is not included.

### NATURE OF THE CASE AND GENERAL FACTS

    [Please refer to the "Nature of the Case," "Relevant Procedural History," and/or "Facts" sections of Defendants' Renewed Motion for Summary Judgment, Dkt. No. 16, and Defendants' Motion for Reconsideration, Dkt. No. 24.]

**FACTS BEARING UPON THE MOTION**

Defendants are informed and believe that Plaintiffs intend to offer into evidence the Computer Aided Dispatch Reports/South Carolina Highway Patrol Call History Record. (*See* Pls.' Rule 26(a)(3) Pretrial Disclosures, Dkt. No. 27, at p. 2; *see also* Exhibit 2 to Pls.' Resp. in Opp. to Defs.' Renewed Mot. Summ. J., Dkt No. 19-2.) Likewise, Defendants are informed and believe that Plaintiffs intend to offer Cpl. Tuten's handwritten investigation notes. (Pls.' Pretrial Disclosures, Dkt. No. 27, at p. 2.) This Motion follows.

**ARGUMENT**

Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Rule 801, FRE. An out-of-court statement by someone other than the person testifying which is used to prove the truth of the matter asserted constitutes hearsay and is inadmissible unless it falls within an exception. Rule 802, FRE.

Simply, the CAD Report created and provided by the South Carolina Highway Patrol is full of inadmissible hearsay. These reports are itemized lists of calls received by the dispatch center, organized chronologically based on date and time. Each of those itemized calls include a short note, made by the dispatcher, based on his or her conversation with the caller. Many of the statements include identification of individuals, descriptions of vehicles, and discussions of alleged injuries. The same goes for Cpl. Tuten's notes.

Each of these assertions recorded in the CAD reports or Cpl. Tuten's notes are out of court statements, which will be offered by Plaintiff to prove the truth of the matter asserted in the statements themselves – the identification of Defendants' truck, the conduct of Defendant Russell, and/or the

existence of injuries at the scene of the alleged accident. The CAD reports and officer notes are hearsay without exception.

## CONCLUSION

Because the statements are inadmissible and do not fall under an exception contained within Rule 803 or 804, FRE, Defendants move in limine for the immediate exclusion of the relevant CAD Reports.

Respectfully submitted,

**SWEENY, WINGATE & BARROW, P.A.**

s/Aaron J. Hayes
Mark S. Barrow Fed. I.D. No. 1220
Aaron J. Hayes Fed. I.D. No. 11196
Jake M. Tillery Fed. I.D. No. 14371
Sweeny, Wingate & Barrow, P.A.
Post Office Box 12129
Columbia, SC  29211
(803) 256-2233

**ATTORNEYS FOR THE DEFENDANTS**

Columbia, South Carolina

March 21, 2025