IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| Steven Grinnell and Vanessa Grinnell, both Individually and as Parents/Guardians of K.G. and K.G, both minors,<br><br>        Plaintiffs,<br><br>v.<br><br>Tovarrian Bradford Russell and Roehl Transport, Inc.,<br><br>        Defendants. | Case No.: 2:23-cv-6131-RMG<br><br><br><br><br><br><br>**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE TRAFFIC CITATION** |

  **COMES NOW** the undersigned, as attorneys for Tovarrian B. Russell and Roehl Transport, Inc. (hereinafter "Defendants"), who move the Court for an order excluding any traffic citation issued to Defendant Tovarrian Russell as a result of the alleged underlying motor vehicle collision, from admission into evidence or presentation to the jury in any form. A full explanation of the Motion as required by Local Rule 7.05 is embedded herein, therefore pursuant to Local Rule 7.04 a separate memorandum is not included.

### NATURE OF THE CASE AND GENERAL FACTS

  [Please refer to the "Nature of the Case," "Relevant Procedural History," and/or "Facts" sections of Defendants' Renewed Motion for Summary Judgment, Dkt. No. 16, and Defendants' Motion for Reconsideration, Dkt. No. 24.]

## FACTS BEARING UPON THE MOTION

Defendants are informed and believe that Plaintiffs intend to offer into evidence the traffic ticket issued to Defendant Russell after the subject incident. (*See* Pls.' Rule 26(a)(3) Pretrial Disclosures, Dkt. No. 27, at p. 2; *see also* Defs.' Objections to Pls.'s Rule 26(a)(3) Pretrial Disclosures, Dkt. No. 28, at p. 2).) This Motion follows.

## ARGUMENT

In federal courts, except in matters governed by the federal Constitution or by acts of Congress, the law to be applied in any case is the law of the states. 28 U.S.C.A. § 1652. There is no federal general common law, and thus federal courts apply the laws of the state in which they reside. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817 (1938). South Carolina statute prohibits the admission of traffic citations in a civil action at trial. S.C. Code Ann. § 56-5-6160. Specifically, the Uniform Act Regulating Traffic on Highways provides that "[n]o evidence of conviction of any person for any violation of this chapter shall be admissible in any court in any civil action." *Id.*; *see also Hill v. USA Truck, Inc.*, 2007 WL 1574545, at *8 (D.S.C. May 30, 2007) (finding that S.C. Code Ann. § 56-5-6160 forbids evidence of a conviction).

## CONCLUSION

As provided by the authority cited above, any traffic citation issued to Defendant Russell following the alleged underlying motor vehicle collision is inadmissible. Allowing the jury to hear this evidence would prove to waste the Court's time, prejudice the jury, divert the jury from considering the real issues, confuse them, and violate South Carolina law. For these reasons, Defendants move in limine for the immediate exclusion of any traffic citation issued to Defendant Russell.

Respectfully submitted,

**SWEENY, WINGATE & BARROW, P.A.**

s/Aaron J. Hayes
Mark S. Barrow Fed. I.D. No. 1220
Aaron J. Hayes Fed. I.D. No. 11196
Jake M. Tillery Fed. I.D. No. 14371
Sweeny, Wingate & Barrow, P.A.
Post Office Box 12129
Columbia, SC  29211
(803) 256-2233

**ATTORNEYS FOR THE DEFENDANTS**

Columbia, South Carolina

March 21, 2025