# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

# CHARLESTON DIVISION

| | |
|---|---|
| Steven Grinnell and Vanessa Grinnell, both Individually and as Parents/Guardians of K.G. and K.G, both minors,<br><br>         Plaintiffs,<br><br>v.<br><br>Tovarrian Bradford Russell and Roehl Transport, Inc.,<br><br>         Defendants. | Case No.: 2:23-cv-6131-RMG<br><br><br><br><br><br>**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE TRAFFIC COLLISION REPORT FORM TR-310** |

**COMES NOW** the undersigned, as attorneys for Tovarrian B. Russell and Roehl Transport, Inc. (hereinafter "Defendants"), who move the Court for an order excluding the initial Traffic Collision Report Form TR-310, authored by Corporal J.D. Tuten, from admission into evidence or presentation to the jury in any form. A full explanation of the Motion as required by Local Rule 7.05 is embedded herein, therefore pursuant to Local Rule 7.04 a separate memorandum is not included.

## NATURE OF THE CASE AND GENERAL FACTS

[Please refer to the "Nature of the Case," "Relevant Procedural History," and/or "Facts" sections of Defendants' Renewed Motion for Summary Judgment, Dkt. No. 16, and Defendants' Motion for Reconsideration, Dkt. No. 24.]

## FACTS BEARING UPON THE MOTION

Defendants are informed and believe that Plaintiffs intend to offer into evidence the initial version of the TR-310 form, which found Defendants at fault.[1] (*See* Pls.' Rule 26(a)(3) Pretrial Disclosures, Dkt. No. 27, at p. 2.) This Motion follows.

## ARGUMENT

In federal courts, except in matters governed by the federal Constitution or by acts of Congress, the law to be applied in any case is the law of the states. 28 U.S.C.A. § 1652. There is no federal general common law, and thus federal courts apply the laws of the state in which they reside. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817 (1938). A South Carolina statute prohibits the admission of TR-310 accident reports at trial:

> "All accident reports made by persons involved in accidents shall be without prejudice to the individual so reporting and shall be for the confidential use of the Department of Motor Vehicles, Department of Public Safety, or other State agencies having use for the records for accident prevention purposes… No such report shall be used as evidence in any trial, civil or criminal, arising out of an accident, except that the Department of Motor Vehicles shall furnish, upon demand of any person who has, or claims to have, made such a report or upon demand of any court, a certificate showing that a specified accident report has or has not been made to the Department of Motor Vehicles solely to prove a compliance or a failure to comply with the requirement that such a report be made to the Department of Motor Vehicles."

S.C. Code Ann. § 56-5-1340. *See also*, *Ellison v. Pope*, 290 S.C. 100, 348 S.E.2d 367 (Ct. App. 1986) (providing that mandatory state created accident reports prohibited from admission at trial); *Marshall v. Thomason,* 241 S.C. 84, 95, 127 S.E.2d 177, 182 (1962); (stating that such reports are confidential and their use in any trial is prohibited).

Additionally, accident reports prepared by police officers are hearsay. Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to

---

[1] Should the Court deny this Motion, Defendants would insist, pursuant to the rule of completeness, that the *amended* version of the TR-310 form, which shows Plaintiff Steven Grinnell at fault, be the version submitted to the jury. (*See* Defs.' Objections to Pls.'s Rule 26(a)(3) Pretrial Disclosures, Dkt. No. 28, at p. 2.)

prove the truth of the matter asserted. Rule 801, FRE. An out-of-court statement by someone other than the person testifying which is used to prove the truth of the matter asserted constitutes hearsay and is inadmissible unless it falls within an exception. Rule 802, FRE; *State v. Rice*, 375 S.C. 302, 652 S.E.2d 409, (S.C. App. 2007). A police report contains out of court statements and cannot be offered at trial for the truth of the matter asserted. Officer Tuten's Traffic Collision Report Form TR-310 is hearsay under Rule 801, FRE, and therefore, is inadmissible.

## CONCLUSION

As provided for herein, pursuant to South Carolina statutory authority and the *Federal Rules of Evidence*, Officer Tuten's Traffic Collision Report Form TR-310 is inadmissible. Allowing the jury to hear this evidence would prove to waste the Court's time, prejudice the jury, divert the jury from considering the real issues, confuse them, and violate South Carolina law. For these reasons, Defendants move in limine for the immediate exclusion of the relevant Traffic Collision Report Form TR-310.

Respectfully submitted,

**SWEENY, WINGATE & BARROW, P.A.**

s/ Aaron J. Hayes
Mark S. Barrow Fed. I.D. No. 1220
Aaron J. Hayes Fed. I.D. No. 11196
Jake M. Tillery Fed. I.D. No. 14371
Sweeny, Wingate & Barrow, P.A.
Post Office Box 12129
Columbia, SC  29211
(803) 256-2233

**ATTORNEYS FOR THE DEFENDANTS**

Columbia, South Carolina

March 21, 2025