**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Steven Grinnell and Vanessa Grinnell, both Individually and as Parents & Guardians of K.G. and K.G, both minors | ) ) ) ) | C/A No.: 2:23-cv-6131-RMG |
| *Plaintiff,* | ) ) | **PLAINTIFFS' RESPONSES TO DEFENDANTS' MOTIONS *IN LIMINE*** |
| *-vs-* | ) ) | |
| Tovarrian Bradford Russell and Roehl Transport, Inc., | ) ) ) | |
| *Defendants.* | ) | |

Plaintiffs Steven Grinnell and Vanessa Grinnell, individually and as parents/guardians of K.G. and K.G., by and through their undersigned counsel, hereby submit this Response in Opposition to Defendants' Motions *in limine*, and in support thereof, state as follows:

## I. STATEMENTS ON DASH CAMERA FOOTAGE

Plaintiffs will only use the statements of the party opponent, and the present-sense impressions made by the various non-parties which were captured in the video, unless Defendants open the door regarding Plaintiffs' statements. Russell's statements in the dash cam video are not hearsay. *See* FRE 801(d)(2). All of these statements are either non-hearsay, are covered by hearsay exceptions at each level, and bear the indicia of reliability due to the nature of the evidence. Additionally, they are extremely probative of the issues at bar and are not unfairly prejudicial to any party under a FRE 403 analysis.

## II. THE CAD LOGS AND TROOPER NOTES ARE ADMISSIBLE

The CAD logs contain statements recorded in a public record which are subject to the present sense impression hearsay exception. *See* FRE 803(1) & (8). The CAD Logs contain

statements of eyewitnesses made shortly after the crash for the purpose of obtaining emergency assistance from a government agency. Thus, these present sense impressions contained in public records, are subject to hearsay exceptions. Importantly, because an exception exists for both levels of potential hearsay, the Court may properly admit the CAD logs. *See* FRE 805. Additionally, the notes of trooper are admissible as a recorded recollection. *See* FRE 803(5).

## III. PLAINTIFF'S TESTIMONY REGARDING FUTURE DAMAGES IS ADMISSIBLE

Defendants' arguments here are intended to serve as a motion for partial summary judgment rather than a ruling on an evidentiary issue. The plaintiff may testify regarding their future damages under the substantive state law on the issue. "[W]hile the question of whether evidence is sufficient to survive summary judgment is generally a matter of federal procedural law, 'the "expert testimony" rule' may be 'so closely interrelated with the substantive cause of action … that federal courts sitting in diversity cases should apply the state rule in order to fully realize state substantive policy.' " *In re Lipitor (Atorvastatin Calcium) Mktg., Sales Pracs. & Prod. Liab. Litg*., 227 F. Supp. 3d 452, 468 (D.S.C. 2017) (quoting *Hemingway v. Ochsner Clinic*, 722 F.2d 1220, 1225 (5th Cir. 1984). Lay testimony regarding causation of a permanent injury presents a question for the jury. *See Joye v. Wiggins*, 263 S.C. 334, 337–38, 210 S.E.2d 310, 311 (1974); *See also Arnold v. Benjamin Booth Co*., 257 S.C. 337, 342, 185 S.E.2d 830, 832 (1971); *Mize v. Sangamo Elec. Co*., 251 S.C. 250, 260, 161 S.E.2d 846, 851 (1968). Where plaintiff testifies about their ongoing medical problems, the existence of a permanent injury is a question for the jury. *See Vaughn v. City of Anderson*, 300 S.C. 55, 60, 386 S.E.2d 297, 300 (Ct. App. 1989); *Gethers v. Bailey*, 306 S.C. 179, 182, 410 S.E.2d 586, 587 (Ct. App. 1991). Additionally, the Plaintiffs' medical records are

admissible as both business records and statements made for the purpose of medical diagnosis and treatment. *See* FRE 803(6) and 803(4).

## IV. EVIDENCE OF THE STATUTORY VIOLATION IS ADMISSIBLE

Plaintiffs agree that the traffic citation itself is inadmissible, but evidence regarding a statutory violation itself is not. *See Cornell v. Donajkowski*, No. 2:19-CV-1370-DCN, 2020 WL 4060137, at *2 (D.S.C. July 20, 2020)

## V. THE TR-310 SHOULD BE EXCLUDED

Plaintiffs agree that the TR-310 is inadmissible for use at trial, although the investigating officer may use it refresh his recollection of his investigation of the crash.

**MORGAN & MORGAN**

BY *s/ Lauren Carroway ,Esq.*
Lauren Heath Carroway
Federal ID: 13693
1544 Fording Island Road, Suite A
Hilton Head, South Carolina
(854) 222-6075

***Attorney for Plaintiff***

Hilton Head, South Carolina
April 4, 2025