IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Steven Grinnell and Vanessa Grinnell, both Individually and as Parents & Guardians of K.G. and K.G, both minors<br><br>      *Plaintiff,*<br><br>-*vs*-<br><br>Tovarrian Bradford Russell and Roehl Transport, Inc.,<br><br>      *Defendants*. | C/A No.: 2:23-cv-6131-RMG<br><br>**MOTION TO ALTER TIME FOR DISCOVERY** |

Plaintiffs respectfully request that the deadline for closure of discovery be extended, pursuant to Rule 16(b)(4).

**FACTUAL BACKGROUND**

On May 9, 2025, the Court held a status conference with the Parties via telephone call. Following the conference, the Court ordered discovery to be reopened for 30 days following the delivery of the unedited Lytx video in order to allow Plaintiffs to subpoena Lytx, Inc., a third party custodian of data, to obtain metadata and GPS location data. On May 13, 2025, Defendants delivered the video in its native, proprietary ".DCE" format. On May 15, 2025, Defendants delivered a link enabling Plaintiffs to download the software required to open and view the ".DCE" file and extract the relevant information needed to properly subpoena the data held by Lytx, Inc. Later in the day on May 15, 2025, Plaintiffs provided Defendants with a copy of their subpoena duces tecum to Lytx, Inc. On May 16, 2025, Lytx, Inc. was served with the subpoena duces tecum. On May 29, 2025, Lytx, Inc. sent a letter objecting to Plaintiffs' subpoena on California state law grounds. Although the letter was dated May 27, 2025, the letter was shipped on May 29, 2025. On May 30, 2025, Defendants provided Plaintiffs' counsel with contact information for Lytx, Inc. employee Michael

1

Guzman and informed Plaintiffs' counsel that Michael Guzman had reached out to Defendants regarding the subpoena. Later in the day on May 30, 2025, Plaintiffs reached out to Michael Guzman via phone and email to confer regarding the subpoena, pursuant to the rules. Plaintiffs did not receive any response prior to the scheduled June 2, 2025 deposition of Lytx, Inc.'s designee. On June 2, 2025, Plaintiffs obtained a certificate of non-appearance and made a statement on the record for the deposition of Lytx, Inc.'s designee. Later, after the certificate of non-appearance was taken, Lytx, Inc. employee Michael Guzman contacted Plaintiffs' counsel regarding the subpoena via telephone call. Plaintiffs conferred with Lytx, Inc. employee Michael Guzman to determine whether the dispute regarding the subpoena could be resolved. Lytx, Inc. employee Michael Guzman offered to perform a search for relevant records and offered an affidavit in lieu of a deposition. Plaintiffs informed Michael Guzman that they would review any production and determine whether the production satisfied the requirements of the subpoena. After further conferral, Plaintiffs have not received any production from Lytx, Inc. nor have deposition dates been provided. Plaintiffs have identified local counsel to associate for the undersigned counsel's pro hac vice admission and to assist in the filing of a motion to compel in the Southern District of California.

## LEGAL STANDARD

A scheduling order may be modified "for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). The "good cause" standard for modification "focuses on the diligence of the party seeking leave to modify the scheduling order." *Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.*, 986 F.Supp. 959, 980 (D.S.C.1997).

## ARGUMENT

Here, Plaintiffs have diligently attempted to obtain the information discussed at the status conference on May 9, 2025, as ordered by the Court. Upon receiving the video and the means to open and view it on May 15, 2025, Plaintiffs immediately prepared and served their subpoena on

May 16, 2025. The dilatory conduct of Lytx, Inc., rather than any lack of diligence by Plaintiffs has necessitated additional time to enforce the subpoena sent to Lytx, Inc.

### **LOCAL CIVIL RULE 6.01 STATEMENT**

Pursuant to Local Civ. Rule 6.01, the following information is provided:

1. The current deadline for the closure of discovery is June 14, 2025, as calculated by 30 days from the delivery of the video file and software necessary to view it on May 15, 2025.

2. The deadline has been extended twice, first in the parties Amended Scheduling Order modifying the Courts standard Conference and Scheduling Order, and next by the Court's May 9, 2025 Order.

3. The Plaintiff requests sixty additional days, with the new deadline on August 13, 2025.

4. The extension will affect the deadline for renewed dispositive motions. Plaintiff proposes a new deadline of August 28, 2025, maintaining the Court's fifteen day period following the reclosure of discovery.

The Undersigned has not been able to confer with Defendants' counsel regarding the contents of this motion. Upon information and belief, conference with Defendant's counsel could not be completed in a timely manner, but the Undersigned will make further attempts to confer regarding this motion.

[Signature on Following Page]

                                     **MORGAN & MORGAN**

BY *s/ Cooper Klaasmeyer ,Esq.*
Lauren Heath Carroway
Federal ID: 13693
Cooper Klaasmeyer
Federal ID: 14272
1544 Fording Island Road, Suite A
Hilton Head, South Carolina
(843) 973-5438

North Charleston, South Carolina        ***Attorney for Plaintiff***
June 12, 2025