IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| Steven Grinnell and Vanessa Grinnell, both Individually and as Parents/Guardians of K.G. and K.G, both minors,<br><br>         Plaintiffs,<br><br>v.<br><br>Tovarrian Bradford Russell and Roehl Transport, Inc. ,<br><br>         Defendants. | Case No.: 2:23-cv-6131-RMG<br><br><br><br><br><br><br>**DEFENDANTS' STATUS REPORT** |

## Introduction

On June 17, 2025, the Court ordered that counsel for Defendants "has been directed to communicate with his client's vendor, Lytx, about the production of any internal camera view on the day of the alleged accident and whether the internal camera view was operating on that date. Defense counsel is further directed to produce to the court the service agreement between his client and Lytx. Defendants are directed to file a status report on or before 6/27/25." (June 17, 2025 Order, ECF No. 55 ("June 17 Order").) This report follows.

## Status Report

- ➢ On June 18, 2025, the undersigned sent a letter to Michael Guzman, a legal specialist at Lytx, providing an explanation of the Court's order and enclosing a copy of the June 17 Order. *See* Letter, Exhibit A.

- ➢ Also on June 18, 2025, the undersigned spoke with Mr. Guzman via phone.

- Via letter dated June 20, 2025 (received June 24, 2025), Mr. Guzman responded and provided 1) information about the in-cab recording capabilities of the subject unit, and 2) noted that Ltyx requires a confidentiality order prior to the production of client contracts. *See* Letter, Exhibit B. Mr. Guzman did not enclose the service agreement.

- Via letter dated June 27, 2025, the undersigned replied to Mr. Guzman's letter and requested a copy of the service agreement be provided to the undersigned. *See* Letter, Exhibit C.

- Via letter dated June 27, 2025, defense counsel provided to the Court for *in camera* review Roehl's version of the service agreement. *See* Letter, Exhibit D.

**Summary**

In response to the June 17 Order, Lytx has confirmed that the subject unit was configured for "continual video . . . to record road-view video only." Ex. B. In-cab video recording was configured as "exception-based." *Id.* It is counsel's understanding that "exception-based" essentially means an "event." Therefore, under these settings, if an "exception" does not occur, there is not going to be any in-cab video recording created.

Also in response to the June 17 Order, Roehl has produced its version of the service agreement to the Court for *in camera* review. *See* Ex. D. The undersigned is seeking Lytx's countersigned version, *see* Ex. C, and will produce same to the Court *in camera* when received.

*Signature page to follow.*

Respectfully submitted,

**SWEENY, WINGATE & BARROW, P.A.**

s/ Aaron J. Hayes
Mark S. Barrow, Fed. I.D. No. 1220
Aaron J. Hayes, Fed. I.D. No. 11196
Jake M. Tillery, Fed. I.D. No. 14371
Sweeny, Wingate & Barrow, P.A.
Post Office Box 12129
Columbia, SC  29211
(803) 256-2233

**ATTORNEYS FOR THE DEFENDANTS**

Columbia, South Carolina

June 27, 2025